UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

RUDOLPH BETANCOURT,
    Plaintiff,
vs.

STANFORD LAKE HOTEL, INC. d/b/a
HILTON SUITE HOTEL,
    Defendant.

## COMPLAINT

Plaintiff, RUDOLPH BETANCOURT (hereinafter "Plaintiff"), by his undersigned, hereby files this Complaint and sues Defendant, STANFORD LAKE HOTEL, INC. d/b/a HILTON SUITE HOTEL (hereinafter "Defendant"), for injunctive relief pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181, *et seq.*, (hereinafter the "A.D.A"), the ADA's Accessibility Guidelines, 28 C.F.R. Part 36 (hereinafter the "ADAAG"), and the Florida Building Code.

## JURISDICTION & VENUE

**1.** This Court has original jurisdiction over the action pursuant to 28 U.S.C., §§1331 and 1343 for Plaintiff's claims arising under 42 U.S.C. § 12181. *et seq.*, based upon Defendant' violations of Title III of the ADA (see also, 28 U.S.C. §§ 2201 and 2202).

**2.** The subject property is a hotel located on or about 7920 Glades Rd. Boca Raton, FL 33434 (hereinafter "Subject Premises").

**3.** All events giving rise to this lawsuit occurred in the State of Florida. Venue is proper in this Court as the premises are located in the Southern District.

## PARTIES

4. Plaintiff, RUDOLPH BETANCOURT, is currently a resident of Fenwick, Michigan in the County of Montcalm, is *sui juris*, and is a qualified individual under the ADA and the FACBC.

5. Plaintiff is a double leg amputee who uses prosthetic devices or a wheelchair to ambulate, a Marine Corps veteran with several friends, family, and colleagues in South Florida including a son who is a minor league baseball athlete in South Florida who he frequently visits. Additionally, Plaintiff enjoys the South Florida weather and the multiple sporting events, festivals, and events that occur throughout South Florida.

6. Despite the physical limitations to which he is subjected as a result of his disability, Plaintiff continues to lead a full life, frequently travels, dines out, and is also an actively social and independent individual.

7. Defendant, STANFORD LAKE HOTEL, INC., is a corporation which is authorized to and does transact business in the State of Florida and within this judicial district.

8. Pursuant to the Palm Beach Property Appraiser's Office, Defendant, STANFORD LAKE HOTEL, INC., is the owner and/or operator/manager of the real property located on or 7920 Glades Rd. Boca Raton, FL 33434 (hereinafter the "Subject Premises"). This is the building where the Subject Premises is located.

9. According to the Florida Department of Business and Professional Regulation, the Defendant, STANFORD LAKE HOTEL, INC., was licensed on September 26, 1997 and occupies 7920 Glades Rd. Boca Raton, FL 33434 as a hotel known as "HILTON SUITE HOTEL".

10. The Subject Premises is owned and/or operated by the Defendant and is a public accommodation required by law to comply with the ADA and ADAAG.

## **FACTUAL ALLEGATIONS AND CLAIM**

11.     Plaintiff recently visited the Subject Premises on or about September 12, 2023 to stay for a night and accessed to the extent possible, or attempted to access the Subject Premises and specific areas of the Subject Premises as described herein.

12.     While visiting the Subject Premises, Plaintiff personally encountered or observed several barriers to access in violation of the ADA and ADAAG as detailed further herein at Paragraph 16.  As a result, Plaintiff has been denied access to the Subject Premises and full and equal enjoyment of the goods and services offered therein because of his disability and will continue to be denied such access as a result of those barriers.

13.     Said barriers to access at the Subject Premises endanger the safety of Plaintiff and all other individuals with disabilities, deny Plaintiff and others with disabilities equal access to the Subject Premises as to that of able-bodied persons, and causes social embarrassment due to the difficulties encountering such barriers to access—a social embarrassment that would not occur if the Subject Premises was in compliance with the ADA and ADAAG.

14.     In encountering the barriers to access at the Subject Premises, and suffering the resulting discrimination, endangerment, and embarrassment—the Plaintiff sustained a lawful injury-in-fact pursuant to the ADA.

15.     Pursuant to the mandates of 42 U.S.C. §12134(a), on September 15, 2010, the Department of Justice, Office of the Attorney General, published revised regulations for Title III of the Americans with Disabilities Act of 1990 in the Federal Register to implement the requirements of the ADA.  Public accommodations were required to conform to these regulations on or before March 15, 2012.[1]

---

[1] "Safe Harbor. Elements that have not been altered in existing facilities on or after March 15, 2012, and that comply with the corresponding technical and scoping specification for those elements in the 1991 Standards are not required

16. A specific, although not exclusive, list of unlawful physical barriers, dangerous conditions and ADA violations which preclude and/or limit Plaintiff's ability (because of his disability) to access the Facility and/or full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of the Facility include:

### Accessible Routes

1. The facility does not provide a marked access aisle at the loading zone making it difficult for the plaintfiff to identify, in violation of sections 503, 503.2, and 503.3.3 of the 2010 ADA Standards, whose resolution is readily achievable.
2. The plaintiff had difficulty traversing the parking area due to the raised islands not providing cut throughs, in violation of section 406.7 of the 2010 ADA Standards, whose resolution is readily achievable.

### Parking

3. There are two accessible parking spaces that do not provide signage making it difficult for the plaintiff to identify the spaces as accessible, in violation of sections 502.6 and 703.7.2.1n of the 2010 ADA Standards, whose resolution is readily achievable.

### Lobby Area

4. The facility does not provide at least 5% of dining surfaces making it difficult for the plaintiff to utilize, in violation of sections 226.1 and 902 of the 2010 ADA Standards, whose resolution is readily achievable.

### Men's Public Accessible Restroom

5. The restroom does not provide a mirror at the compliant height requirement of 40 inches above the finish floor to the reflecting surface making it difficult for the plaintiff to utilize, in violation of section 603.3 of the 2010 ADA Standards, whose resolution is readily achievable.
6. The plaintiff had to use caution at the lavatory due to it not being fully insulated with exposed drain pipe, in violation of section 606.5 of the 2010 ADA Standards, whose resolution is readily achievable.
7. The compartment stall does not provide a self-closing door making it difficult for the plaintiff to utilize, in violation of sections 404.2.8.1 and 604.8.1.2 of the 2010 ADA Standards, whose resolution is readily achievable.
8. The compartment stall door does not provide a lowered coat hook making it difficult for the plaintiff to utilize, in violation of sections 308.2.1 and 604.8.3 of the 2010 ADA Standards, whose resolution is readily achievable.

### Pool Area

9. The towel cabinet obstructs the full width of the walkway to the accessible pool restrooms making it difficult for the plaintiff to traverse, in violation of

---

to be modified in order to comply with the requirements set forth in the 2010 Standards" 28 CFR §36.304(d)(2)(i), however, the violations described herein violate both the 1991 Standards as well as the 2010 Standards.

section 403.5.1 of the 2010 ADA Standards, whose resolution is readily achievable.

**Pool Area Men's Accessible Restroom**

10. The plaintiff had to use caution at the lavatory due to it not being fully insulated with exposed drain pipes, in violation of section 606.5 of the 2010 ADA Standards, whose resolution is readily achievable.

**Accessible Room 458**

11. The sliding door at the patio has a threshold that exceeds the maximum vertical height allowance of ¼ inch making it difficult for the plaintiff to traverse, in violation of section 404.2.5 of the 2010 ADA Standards, whose resolution is readily achievable.
12. The restroom mirror exceeds the maximum height requirement of 40 inches above the finish floor to the reflecting surface making it difficult for the plaintiff to utilize, in violation of section 603.3 of the 2010 ADA Standards, whose resolution is readily achievable.
13. The trash can and the lavatory obstruct the toilets 60 inches of required clearance measured perpendicular from the side wall, in violation of section 604.3.1 of the 2010 ADA Standards, whose resolution is readily achievable
14. The stored roll of toilet paper obstructs the use of the rear wall grab bar making it difficult for the plaintiff to utilize, in violation of section 609.3 of the 2010 ADA Standards, whose resolution is readily achievable.
15. The restroom does not provide a toilet paper dispenser that is 7 inches minimum to 9 inches maximum in front of the toilet making it difficult for the plaintiff to utilize, in violation of section 604.7 of the 2010 ADA Standards, whose resolution is readily achievable.
16. The plaintiff had to use caution at the lavatory due to it not being fully insulated with exposed drain pipe, in violation of section 606.5 of the 2010 ADA Standards, whose resolution is readily achievable.
17. The side wall grab bar is obstructed by the hanging towels making it difficult for the plaintiff to utilize, in violation of section 609.3 of the 2010 ADA Standards, whose resolution is readily achievable.
18. Both towel bars and towels exceed the maximum height allowance of 48 inches above the finish floor making it difficult for the plaintiff to utilize, in violation of sections 308.2.2 and 604.8.3 of the 2010 ADA Standards, whose resolution is readily achievable.
19. The shower controls, faucets, and shower spray unit are not mounted on the back wall as required, when a folding seat is required in transient lodging guest rooms making it difficult for the plaintiff to utilize, in violation of sections 608.5.2 and 806.2.4 of the 2010 ADA Standards, whose resolution is readily achievable.
20. The roll-in shower has a shower spray unit that is in a fixed position exceeding 48 inches above the finish floor making it difficult for the plaintiff to utilize, in violation of section 608.6 of the 2010 ADA Standards, whose resolution is readily achievable.

21. The roll-in shower does not provide a shower spray unit with a an on/off control with a non-positive shut-off making it difficult for the plaintiff to utilize, in violation of section 608.6 of the 2010 ADA Standards, whose resolution is readily achievable.
22. The roll-in shower does not provide a compliant back wall grab bar making it difficutlt for the plaintiff to utilize, in violation of sections 608.3 and 806.2.4 of the 2010 ADA Standards, whose resolution is readily achievable.
23. The roll-in shower does not provide a lowered soap dispenser as required making it difficult for the plaintiff to reach, in violation of section 308.2 of the 2010 ADA Standards, whose resolution is readily achievable.

**17.** The above listing is not to be considered all-inclusive of the barriers, conditions or violations encountered by Plaintiff and/or which exist at the Facility. Plaintiff requires an inspection of the Facility in order to photograph, measure and determine all of the discriminatory acts violating the ADA.

**18.** The removal of the physical barriers, dangerous conditions and ADA violations set forth herein is readily achievable and can be accomplished and carried out without much difficulty or expense pursuant to 42 U.S.C. § 12182(B)(2)(A)(iv); 42 U.S.C. § 12181(9); and 28 C.F.R, § 36.304.

**19.** The ADA defines "readily achievable as "easily accomplishable and without much difficult or expenses."42 U.S.C. §12181(9) Congress included in the ADA factors to be considered in evaluating whether removal of a barrier is "readily achievable." These factors are (1) nature and cost of the action; (2) overall financial resources of the facility or facilities involved; (3) number of persons employed at such facility; (4) effect on expenses and resources; (5) impact of such action upon the operation of the facility; (6) overall financial resources of the covered entity; (7) overall size of the business of a covered entity; (8) the number, type, and location of its facilities; (9) type of operation or operations of the covered entity, including composition, structure, and functions of the workforce of such entity, and (10)geographic

separateness, administrative or fiscal relationship of the facility or facilities in question to the covered entity. Garthright-Dietrich v. Atlanta Landmarks, Inc., 452 F. 3d 1269, 1272-73 (11th Cir. 2006).

The obligation to engage in readily achievable barrier removal is a continuing one. Over time, barrier removal that initially was not readily achievable may later be required because of changed circumstances. DOJ ADA Title III Technical Assistance Manual, Section III-4.4400 Continuing obligation.

20. Because, *inter alia,* this facility was designed, constructed, and received its State Licensure on September 26, 1997, Plaintiff asserts that said ADA violations are intentional in nature and will not be corrected absent Court intervention, thus exacerbating the intentional legal harm and injury to which Plaintiff has been and will continue to be subjected in the future.

21. Plaintiff will undoubtedly return to the Subject Premises once the barriers to access have been remediated—not only to avail himself of the goods and services available at the Subject Premises, but to confirm and assure himself that the Subject Premises has been brought into compliance with the ADA and *maintained* in compliance with the ADA so that Plaintiff and other persons with disabilities will have equal access to the Subject Premises without fear of discrimination, endangerment of their safety, or social and public embarrassment.

22. Independent of his personal desire to access this place of public accommodation as required by law, Plaintiff is an advocate of the rights of similarly situated persons with disabilities and an advocate for asserting his own civil rights. However, Plaintiff is deterred from returning to the Subject Premises as long as the Defendant continue to operate the Subject Premises in violation of the ADA and ADAAG.

23. Plaintiff has a realistic, credible, and continuing threat of discrimination by the Defendant as long as the Subject Premises remains in non-compliance with the ADA.

24. Defendant has discriminated against Plaintiff and others with disabilities by denying access to, and full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of the Facility, as prohibited by 42 U.S.C., § 12182, *et. seq.*, and by failing to remove architectural barriers as required by 42 U.S.C., § 12182(b)(2)(A)(iv) and will continue to discriminate against Plaintiff and others with disabilities unless and until Defendant is compelled to remove all physical barriers that exist at the Facility, including those specifically set forth herein, and make the Facility accessible to and usable by persons with disabilities, including Plaintiff.

25. Plaintiff has suffered and continues to suffer direct and indirect injury as a result of the ADA violations that exist at the Subject Premises and the actions or inactions described herein.

26. Plaintiff is without adequate remedy at law and is suffering irreparable harm, and reasonably anticipates that he will continue to suffer irreparable harm unless and until Defendant is required to remove the physical barriers, dangerous conditions and ADA violations that exist at the Facility, including those set forth herein.

27. Plaintiff has been obligated to retain undersigned counsel for the filing and prosecution of this action. The Plaintiff is entitled to have his reasonable attorney's fees, costs and expenses paid by the Defendant, pursuant to 42 U.S.C., §§ 12205 and 12217.

28. Pursuant to 42 U.S.C. §12188(a), this Court is provided with authority to grant injunctive relief to Plaintiff, including an order to alter the subject Facility to make it readily

accessible to and useable by individuals with disabilities to the extent required by the ADA, and closing the subject Facility until the requisite modifications are completed.

**WHEREFORE,** Plaintiff respectfully requests that the Court issue a permanent injunction enjoining Defendant from continuing is discriminatory practices, ordering Defendant to remove the physical barriers to access and alter the subject Facility to make it readily accessible to and useable by individuals with disabilities to the extent required by the ADA, closing the subject Facility until the barriers are removed and requisite alterations are completed, and awarding Plaintiff his reasonable attorney's fees, expert fees, costs and litigation expenses incurred in this action.

Respectfully submitted,

s/ Glenn R. Goldstein
Glenn R. Goldstein, Esq. (FBN: 55873)
  *Attorney for Plaintiff*
Glenn R. Goldstein & Associates, PLLC
8101 Biscayne Blvd., Ste. 504
Miami, Florida 33138
(305) 900-2373
GGoldstein@G2Legal.net

s/ Lauren N. Wassenberg
Lauren N. Wassenberg, Esq. (FBN: 34083)
  *Attorney for Plaintiff*
Lauren N. Wassenberg & Associates, P.A.
1825 NW Corporate Blvd., Ste. 110
Boca Raton, FL 33431
(561) 571-0646
WassenbergL@gmail.com